UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                  :

PATRICIA CAVALLARO-KEARINS, *on behalf of*   :
*themselves and all others similarly situated*,       :
                                                  :

                              Plaintiffs,        :             25-cv-4998 (LJL)
                                                    :

           -v-                                   :                ORDER
                                                      :

GRUNS NUTRITION, INC.,                         :
                                                    :

                             Defendant.        :
                                                 X

-------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/03/2026

LEWIS J. LIMAN, United States District Judge:

      Defendant has submitted a motion to stay discovery pending resolution of its earlier submitted motion to dismiss. Dkt. No. 38. "A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Thus, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Id.* (quoting *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)). The fact that "defendants filed an early dispositive motion does not in and of itself give rise to justification to warrant a stay." *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991).

      A court may grant a motion to stay discovery pending decision on a motion for dismiss upon a showing of good cause by the moving party. *See P.C. v. Driscoll*, 2024 WL 3606511, at *1 (S.D.N.Y. July 30, 2024); Fed. R. Civ. P. 16(b)(4), 26(c)–(d). Courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022)

(quoting *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. May 22, 2013)).  Plaintiffs have not made the requisite showing.  On the first factor, Defendant states that the breadth of discovery sought is "massive and extraordinarily burdensome," Dkt. No. 38 at 1, but that the parties "remain in discussions about Plaintiffs' request for documents," and is "not seeking to pre-litigate those discovery disputes," *id.* at 3.  If there is a meritorious discovery dispute, the Defendant may seek the Court's intervention.

On the second, Defendant argues that a stay would not prejudice either party.  But the "lack of prejudice alone does not merit a stay." *Bennett v. Cuomo*, 2023 WL 2021560, at *5 (S.D.N.Y. Feb. 15, 2023).  "To hold otherwise would be contrary to the general presumption that a motion to dismiss does not stay discovery save in a case . . ." *Bertrand v. Dep't of Educ., Archdiocese of N.Y.*, 2023 WL 2776015, at *3 (S.D.N.Y. Apr. 4, 2023).

As to the third factor, Defendant has submitted a motion to dismiss, to which Plaintiff has responded.  The briefing sets out numerous legal issues to be decided by the Court.  "With strong arguments on both sides," *Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016), Defendant's arguments do not supply the requisite "substantial grounds for dismissal" or—under the alternative formulation articulated by Judge Gorenstein—"strong showing that [the party moving for the stay] is likely to succeed on the merits," *Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021) (alterations in original) (quoting *Hong Leong*, 297 F.R.D. at 72).

In their response to Defendant's motion seeking a stay of discovery, Plaintiffs' seek to "cross-move to compel discovery." Dkt. No. 39 at 1.  That request is not in conformance with the Court's individual practices and will not be considered.

The Clerk of Court is respectfully requested to close Dkt. No. 38.

       SO ORDERED.

Dated: March 3, 2026
       New York, New York

                      LEWIS J. LIMAN
                United States District Judge