

515 South Flower Street
18th Floor
Los Angeles, CA 90071

awglaw.com

213.933.2330 PHONE
312.884.7352 FAX

CHICAGO · WASHINGTON D.C. · LOS ANGELES

May 1, 2026

**VIA ECF**
The Honorable Lewis J. Liman
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   *Cavallaro-Kearins v. Gruns Nutrition, Inc.*, No.25-cv-04998
>       **Unopposed Letter-Motion in Support of Sealing Confidential Documents**

Dear Judge Liman:

Pursuant to Your Honor's Individual Practices in Civil Cases ¶¶ 2(H) and Attachment A, along with paragraph 13 of the Protective Order (Dkt. 27), Gruns Nutrition, Inc. ("Gruns") respectfully submits this letter in response to, and concurrence with, Plaintiffs' Letter-Motion to Seal. (Dkt. 54.) The Parties met and conferred on the subject of this letter-motion on April 28, 2026, and Plaintiffs stated they would not oppose Gruns' request to maintain redactions under seal. By this Letter-Motion Gruns respectfully requests that the Court approve the proposed redactions to Plaintiffs' Letter-Motion to Compel. (Dkt. 56.)

On September 19, 2025, this Court entered a Protective Order in this action, which allows a party to designate discovery material as Confidential when its public disclosure will cause harm to the business, commercial, and financial interests of the party and consists of "previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins)." (Dkt. 27, para. 2(a).) On April 24, 2026, Plaintiffs filed a Letter-Motion to Seal portions of their Letter-Motion to Compel, which redacted confidential information that Gruns had produced in discovery. (Dkt. 54.) Gruns designated the documents containing this information "Confidential" because they contained previously nondisclosed financial information including profitability reports and estimates, sales reports, and sale margins. These are exactly the kinds of documents and information considered Confidential under this Court's Model Protective Order, which the parties adopted in the Protective Order filed in this action. (Dkt. 27.)

Courts in this district have held that redacting portions of letter-motions that reference "information passed between the parties in discovery where the documents referenced have been designated as confidential under a protective order is appropriate." *Authors Guild v. OpenAI Inc.*, No. 23-CV-10211 (SHS) (OTW), 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025) (cleaned up). Sensitive information concerning confidential business interests and financial information has

Lawyers for the Lifecycle of **Foods, Dietary Supplements, Cosmetics, Drugs & Medical Devices**

May 1, 2026
Page 2

routinely been redacted from public filings. *IBM Corp. v. Micro Focus United States, Inc.*, No. 22-cv-9910 (VB)(VR), 2024 U.S. Dist. LEXIS 22478, at *2 (S.D.N.Y. Feb. 8, 2024) (collecting cases, sealing confidential commercial information). In determining whether to seal a document, a court should balance various competing interests, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (*quoting United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In performing this analysis, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Where the presumption of public access is outweighed by privacy interests, courts routinely grant requests to seal. *Lugosch*, 435 F.3d at 119; *see also In re OpenAI, Inc.*, No. 25-md-3143 (SHS) (OTW), 2026 U.S. Dist. LEXIS 64199, at *34-35 (S.D.N.Y. Mar. 25, 2026) ("The disclosure of such non-public strategic information could reasonably be expected to yield competitive harm. . . the party's continuing business operations create a substantial and legitimate privacy interest that weighs in favor of sealing."). A low presumption of public access attaches to letter-motions related to discovery. *Authors Guild*, 2025 WL 66500, at *3.

Plaintiffs' Letter-Motion to Compel concerns a discovery dispute, which has a low presumption of public access. The proposed redactions themselves protect information passed between the parties in discovery, which were contained in documents designated as "Confidential" under the Protective Order.

Furthermore, the proposed redactions are narrowly tailored and target only information that comes from the highly confidential profit and sales reports. The redacted information is sensitive nonpublic proprietary and financial information contained in non-public documents that discuss the company's profitability, sales, sales margins, and profit projections. Gruns treats this information as proprietary and confidential, and making this information public could be expected to yield competitive harm. Disclosure of the financial information currently redacted in Plaintiffs' Letter-Motion to Compel would provide valuable insight into Gruns' current business practices, margins, and projections that a competitor may seek to exploit. *See, e.g., Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2026 U.S. Dist. LEXIS 57966, at *14-15 (S.D.N.Y. Mar. 19, 2026) ("Sealing of the entire exhibits is justified to protect against competitive harm, which outweighs the presumption of access accorded to the documents."). In addition, "detailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment." *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15-CV-8681 (GBD)(BCM), 2016 U.S. Dist. LEXIS 46713, at *12 (S.D.N.Y. Mar. 28, 2016).

Due to these confidentiality concerns surrounding this information, including the proprietary and commercially sensitive nature of the information and the competitive implications of public disclosure, Defendant respectfully requests that this information remain under seal. *See N.Y. v. Actavis, PLC*, 2014 U.S. Dist. LEXIS 149327, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("Internal documents . . . that contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(G), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has

May 1, 2026
Page 3

shielded such information from its competitors."). Furthermore, Plaintiffs stated that they do not oppose Gruns' requested relief.

Accordingly, Defendant respectfully requests the Court maintain the redactions in Plaintiffs' Letter-Motion to Compel.

Sincerely,

/s/ *Rebecca M. Lee*
Rebecca M. Lee
AMIN WASSERMAN GURNANI, LLP
Attorneys for Defendant

cc: All counsel of record (via ECF)

The motion to seal at Dkt. No. 54 is GRANTED.  The Clerk of Court is respectfully requested to close Dkt. Nos. 54, 55, and 60.
Date: May 4, 2026

SO ORDERED.

LEWIS J. LIMAN
United States District Judge